IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM H. GROSS, et al.           :
                                    :
                                    :
     v.                             :      Civil No. CCB-13-28
                                    :
                                    :
UNITED STATES DEPARTMENT OF         :
THE TREASURY, INTERNAL              :
REVENUE SERVICE                     :

## MEMORANDUM

Plaintiffs William and Bernadine Gross (collectively, "plaintiffs") seek a refund of $24,451 from the United States Department of the Treasury, Internal Revenue Service ("IRS"). They claim that they are owed this amount due to overpayment of their federal income taxes in 2006. Now pending before the court are the Government's motion to be substituted for the IRS as the sole defendant in this action[1] and the Government's motion to dismiss.

The plaintiffs allege that, on April 15, 2007, they filed their 2006 federal income tax return and paid $5,061. (Compl., ECF No. 1 at ¶ 2.) According to the plaintiffs, at that time, they owned stock with the MBNA Credit Card Company, which merged with the Bank of America; as a result, on January 1, 2007, they had received a payment of $47,438 and stock. (*Id.* at ¶ 3.) The plaintiffs claim that they provided the IRS with the cost basis of the MBNA stock, and the IRS then "seized an additional $17,099.00 from [them] along with additional taxes of $3,420.00 for penalties totaling $20,519.00." (*Id.* at ¶ 5–6.) The plaintiffs made their last

---

[1] The proper defendant in cases involving federal tax refunds is the United States, and not the IRS. *See Blackmar v. Guerre*, 342 U.S. 512, 514–15 (1952) (suggesting that an agency of the United States may only be sued if Congress has expressly authorized suit); *see also Dawveed v. Belkin*, 2013 WL 497990, at *1 n.3 (D. Md. Feb. 7, 2013) (citations omitted) (indicating that Congress has not authorized suit against the Treasury Department or any of its divisions). Unpublished opinions are cited not as precedent but for the persuasiveness of their reasoning.

1

payment in regard to their 2006 return on April 15, 2009. (*See* Govt's Mot. to Dismiss, ECF No. 12-3 at 2.) On February 2, 2012, the IRS received the plaintiffs' Form 1040X, which requested that they be refunded $24,451. (*See* ECF No. 1, Ex. B; *see also* ECF No. 12-3 at 3.)[2] Then, on January 3, 2013, the plaintiffs filed this lawsuit against the IRS. The Government filed its motion to dismiss for lack of jurisdiction on September 3, 2013. Although the plaintiffs were scheduled to respond by September 20, 2013, the court has received no response to date.

Motions to dismiss for failure to exhaust administrative remedies are treated as motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 Fed. App'x 960 (4th Cir. 2004). A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347–48 (4th Cir. 2009). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Piney Run Preservation Ass'n v. Cnty. Comm'rs of Carroll Cnty., Md.*, 523 F.3d 453, 459 (4th Cir. 2008). Moreover, "[w]hen a defendant challenges subject matter jurisdiction via a Rule 12(b)(1) motion to dismiss, the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings . . . ." *Blitz v. Napolitano*, 700 F.3d 733, 736 n.3 (4th Cir. 2012) (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)).

It is well-settled that the United States is immune from suit, unless it has waived sovereign immunity by consenting to be sued. *See, e.g.*, *United States v. Dalm*, 494 U.S. 596, 608 (1990) (citation omitted); *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (citations omitted).

---

[2] The court notes that the Form 1040X does not have a legible time stamp, but it appears the plaintiffs signed the form on January 17, 2012. (*See* ECF No. 1, Ex. B.)

The United States has waived immunity from suits "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). Accordingly, if a taxpayer has satisfied all the tax refund procedures set forth in the Internal Revenue Code ("IRC"), she may sue for a refund of the federal taxes she overpaid. *See United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008).

Here, the plaintiffs did not follow all the tax refund procedures set forth in the IRC. A claim for refund must be made "within 3 years from the time the return was filed or 2 years from the time the tax was paid," whichever is later. 26 U.S.C. § 6511(a). The plaintiffs, however, did not make a claim for refund within the applicable time period. They had until April 15, 2011, or two years from their last payment on April 15, 2009, to file a claim for refund. Unfortunately, the plaintiffs did not submit the Form 1040X until at least January 17, 2012. The plaintiffs therefore did not exhaust administrative remedies by submitting a timely claim for refund.[3]

A separate order follows.

September 27, 2013          /s/
Date                        Catherine C. Blake
                            United States District Judge

---

[3] The court briefly notes that the IRS record showing a July 5, 2010, credit of $0.09 for "underpayment cleared" does not represent a payment for which the plaintiffs may sue for a refund. (*See* ECF No. 12-3 at 3.) It is merely an adjustment by the IRS to the account. *See* 26 U.S.C. § 6402(a) (indicating that only the person who made the overpayment may seek a credit for the amount of overpayment).